■ P. MAUREEN OBEY, Respondent, v. ROBERT G. DEGLING, Appellant.— Order affirmed, without costs. Memorandum: On the return date in Family Court of appellant father's motion to vacate the show cause order obtained by respondent mother in a custody proceeding, the Family Court Judge conferred in chambers and off the record with the parties and the child. Also the parties and the child were interviewed at a psychiatric clinic in a further effort by the court to resolve the question of custody. It appears that an agreement was reached by the parties and the Family Court Judge relative to custody and visitation. However the same was rejected by the father after he consulted with counsel. On the return date of the show cause order the matter came before the Family Court and it was ascertained that the father and the child had returned to Pennsylvania. The court at that time transferred custody to the respondent, the appellant's motion to vacate the show cause order was denied and the court allowed appellant three months to appear before it for a full hearing of all the issues. The subject of this custody proceeding has indeed been a judicial shuttlecock by reason of the refusal of each parent to consider only the welfare of the child and not their own personal predilections and bitterness toward each other. The original domicile of the parties was New York and the judgment of Supreme Court, Monroe County divorcing the parties granted custody (by consent) of both children to the mother. Since the Pennsylvania decrees later procured by the father awarding custody to him were obtained by him while in violation of the New York judgment, we need not, by reason of comity or equity, give precedence to the order of our sister State. The other child of the marriage is with the mother who has never been found unfit, hence the preservation of the family unit would indicate that the welfare of this child would be best served by an affirmance of the Family Court order awarding custody to the mother. Concur — Marsh, P. J., Moule, Mahoney and Del Vecchio, JJ.; Simons, J., dissents and votes to reverse the order, transfer custody to the father and dismiss the petition, in the following memorandum: The parties were divorced in 1970. Ever since then they have engaged the courts of New York and Pennsylvania in a dispute over the custody of their son. Jurisdiction in most instances has apparently rested on no firmer foundation than which parent had last abducted this young boy from the other parent. When the parties were divorced, custody was granted to the mother as provided in a separation agreement. The only plenary judicial hearings on the merits have been held in Pennsylvania in 1972 and again in August, 1973. All parties participated and were heard in those two proceedings. In the most recent proceeding in August, 1973, the Pennsylvania court awarded custody to the father. No appeal was taken from that order. Three months later, contrary to the order of the Pennsylvania court, the mother detained the boy in New York after a holiday visit. She then initiated this proceeding in Erie County to obtain custody on the basis of the "changed circumstances" of the parties during the three-month interim. Without a hearing and based solely upon unknown information acquired during *in camera* sessions, and particularly an allegation that the boy had been "coached"

to tell the Pennsylvania court that he preferred to live with his father, the court entered the order from which the father appeals. That order granted "permanent custody" to the mother, suspended the father's visitation rights and held the father in contempt of the Erie County Family Court. The court's decision is nothing less than a challenge to the integrity and competence of the Pennsylvania court, because it accepted the boy's preference of custody as true and considered it in passing judgment in August, 1973. Family Court's decision notwithstanding, the only custody orders founded upon plenary hearings directed toward determining the boy's welfare have been made in Pennsylvania. In the interest of comity, the Pennsylvania orders should be honored in New York, but more importantly in the interests of the child his custody should rest upon the considered judgment of a court evaluating the evidence available rather than upon precipitous acts of self help. The father's acts have indeed been contemptuous of the orders of the New York courts as have the mother's acts with respect to the Pennsylvania orders. The dignity of the New York courts can withstand such effrontery but this child may not be able to withstand his parents' contentiousness much longer without harm (cf. *Matter of Lang* v. *Lang*, 9 A D 2d 401, affd. 7 N Y 2d 1029). It is said that the full faith and credit clause does not apply to custody decrees (*Matter of Bachman* v. *Mejias*, 1 N Y 2d 575; *Matter of Metz* v. *Morley*, 29 A D 2d 462) and that the physical presence of the child in the State is sufficient to confer power on the courts to make a determination of what the best interests of the child require (*Matter of Lang* v. *Lang, supra*). These are familiar rules which rest upon the *parens patriae* power of the courts in cases involving infants. At the very least this order should be reversed and a hearing directed to determine the best interests of the child. But further than that I think that the Family Court order under the circumstances in this case was a *de novo* application pursuant to subdivision (b) of section 651 of the Family Court Act. It rested upon the presence of the child in this jurisdiction as the result of an abduction by the mother at the time the proceeding was initiated. The child was no longer present when the order was granted. Such temporary presence, no longer existing, should not confer jurisdiction on the court in view of the existence of a valid custody decree of a sister State (see 2 Foster-Freed, Law and the Family, § 29.35, pp. 561–562). Furthermore when a parent seeks to alter such an order, custody should not be disturbed unless " an extraordinary intervening change of circumstances " is established (*People ex rel. Sloane* v. *Sloane*, 20 A D 2d 862, affd. 15 N Y 2d 561; *Matter of Metz* v. *Morley, supra*) and even an improvement in the condition of the noncustodial parent will not be sufficient to support a change absent a showing of unfitness of the custodial parent (*Matter of Lang* v. *Lang, supra*). This order, granted without a hearing, is founded upon an insufficient petition which alleges a transparently false claim of changed circumstances and does not allege unfitness of the father. In light of such petition the order changing custody of a child only temporarily within the jurisdiction as the result of an abduction is jurisdictionally ineffective and constitutes an abuse by the court of its *parens patriae* power and full faith and credit should be extended to the Pennsylvania order. I would reverse and order that the custody of the infant be transferred to the father in accordance with, and subject to, the order of the Pennsylvania court, and dismiss respondent's petition. (Appeal from order of Erie County Family Court awarding custody.) Present — Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.